J-S35025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WANYAI AHMERE PARKER | : | |
| | : | |
| Appellant | : | No. 1005 MDA 2024 |

Appeal from the PCRA Order Entered July 8, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004873-2020

BEFORE: PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.:              **FILED: SEPTEMBER 26, 2024**

Wanyai Ahmere Parker (Appellant) appeals from the order, which was entered following remand from this Court, denying his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

This Court previously summarized the pertinent factual and procedural history underlying this appeal:

> On November 12, 2021, while represented by Rian Thompson, Esq. [(plea counsel)], Appellant entered an open guilty plea to one count each of criminal attempt – homicide, persons not to possess firearms, burglary, and discharging a firearm into an occupied structure; two counts … [of] simple assault; and three counts of recklessly endangering another person.  [18 Pa.C.S.A. §§ 901, 6105(a)(1), 3502(a)(1)(i), 2707.1, 2701(a)(3), 2705.]  At the plea hearing, the trial court conducted a thorough on-the-record colloquy during which Appellant confirmed, *inter alia*, that he was not under the influence of drugs, and that he had completed the written guilty plea colloquy.[FN 1]  The court accepted Appellant's

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

plea and ordered a pre-sentence investigation. On January 20, 2022, Appellant received an aggregate sentence of 15 to 30 years' incarceration.

---

[FN 1] During the verbal colloquy, the court asked Appellant whether he was "under the influence of any alcohol or drugs[,]" to which Appellant responded "no." N.T. Plea Hr'g, 11/21/21, at 3. On the written plea colloquy, Appellant answered "yes" to [the] question of whether he has been or is now being treated for a mental illness, and "no" to whether that medication affected his ability to understand the colloquy questions. Guilty Plea Colloquy, 11/4/21, at 1.

---

Appellant filed a counseled post-sentence motion challenging the discretionary aspects of his sentence, which the [trial] court denied on January 27, 2022. Neither Appellant nor his counsel filed a notice of appeal. Appellant's judgment of sentence became final on February 28, 2022.

On August 16, 2022, Appellant filed a timely *pro se* PCRA petition. On the standard PCRA form petitioning the court, [Appellant] indicated that he wanted to raise claims implicating the constitutionality of his trial proceeding, ineffective assistance of [plea] counsel, and the legality of his sentence. Although Jonathan Chieppor, Esq., had entered his appearance on August 29, 2022, the docket indicates that on September 1, 2022, the court appointed his law partner, Alexander Egner, Esq., to represent Appellant and permitted him to file an amended PCRA petition. Nevertheless, Attorney Chieppor continued to represent Appellant and filed a motion requesting an extension of time to file an amended petition.

Although the [PCRA] court granted the motion to file an amended petition, Attorney Chieppor instead filed a petition to withdraw as counsel and a ***Turner***/***Finley*** no-merit letter.[FN 2] In his letter, Attorney Chieppor characterized the issue that Appellant raised *pro se* as one challenging plea counsel's stewardship for allegedly failing to inform Appellant of certain sentencing enhancements, which allegedly resulted in the trial court imposing an illegal sentence. Appellant did not respond. On January 31, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice informing Appellant of its intent to dismiss Appellant's

petition without a hearing.  On February 21, 2023, the court dismissed Appellant's petition and granted counsel's motion to withdraw.

---

[FN 2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

---

On March 7, 2023, Appellant filed a *pro se* notice of appeal. Appellant filed a Pa.R.A.P. 1925(b) statement indirectly challenging plea counsel's stewardship by challenging PCRA counsel's [] failure to raise plea counsel's effectiveness.  The court filed a Rule 1925(a) opinion first finding that Appellant waived his challenge to PCRA counsel's ineffectiveness.  The court, however, addressed Appellant's claim that plea counsel was ineffective by concluding that Appellant had not pleaded or proved any element of the tripartite ineffectiveness test.

*Commonwealth v. Parker*, 307 A.3d 684, 379 MDA 2023 (Pa. Super. 2023) (unpublished memorandum at 1-4) (footnotes in original; some footnotes omitted; some capitalization modified).

On appeal, this Court concluded that Appellant had properly challenged Attorney Chieppor's ineffectiveness at his first opportunity to do so, in accordance with *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021) ("[A] PCRA petitioner may, after a PCRA court denied relief[,] … raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal.").  *Parker*, 307 A.3d 684 (unpublished memorandum at 4-5).  This Court therefore proceeded to address the merits of Appellant's layered ineffectiveness claim.

Appellant first argued plea counsel was ineffective for "permitting" Appellant to plead guilty even though he was taking anti-psychotic medications that impaired his understanding of the colloquy. *Id.* (unpublished memorandum at 7-8). We concluded this claim lacked merit, as Appellant expressed, in both the written and oral guilty plea colloquies, that he was not under the influence of drugs or medication that would affect his ability to understand the proceedings. *Id.* (unpublished memorandum at 8-9); *see also id.* (unpublished memorandum at 2 n.2).

Appellant also argued PCRA counsel was ineffective for failing to raise a claim that plea counsel was ineffective for not filing a direct appeal on his behalf. *Id.* (unpublished memorandum at 9). Noting that the PCRA court declined to hold a hearing to determine whether plea counsel had failed to file a requested direct appeal, this Court vacated the PCRA court's order and remanded for a PCRA hearing. *Id.* (citing *Commonwealth v. Lantzy*, 736 A.2d 564, 571-72 (Pa. 1999) (stating that failure by counsel to file or perfect a requested direct appeal constitutes ineffectiveness *per se*)). We also directed the appointment of new PCRA counsel to represent Appellant. *Id.* (unpublished memorandum at 10).

On remand, the PCRA court appointed Christopher Lyden, Esquire (Attorney Lyden), to represent Appellant. The PCRA court conducted an evidentiary hearing on April 10, 2024, during which plea counsel, Attorney Chieppor, and Appellant testified. The PCRA court directed the parties to

submit additional briefs; Appellant and the Commonwealth complied. On July 8, 2024, the PCRA court entered an order denying Appellant's PCRA petition.

This timely appeal followed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.[2]

Appellant raises the following issue for review:

> Did the PCRA court err by failing to find that plea counsel was ineffective for failing to file a direct appeal after Appellant, immediately after the sentencing hearing, expressed that he was dissatisfied with the sentence and wanted to know everything he could do, and, after the post-sentence motion was denied, emailed plea counsel three times indicating he wished to challenge his sentence?

Appellant's Brief at 4.

Appellant claims he contacted plea counsel on January 29, 2022, indicating that Appellant wanted to file a motion to reconsider his sentence. *Id.* at 10-11. According to Appellant, plea counsel's February 2, 2022, response indicated that plea counsel had filed the motion, but the trial court had not issued a ruling. *Id.* at 11. In fact, the trial court had denied Appellant's post-sentence motion on January 27, 2022. *Id.* Appellant argues "[t]his miscommunication deprived [A]ppellant of an opportunity to simply indicate … that he wished to continue to appeal." *Id.* Appellant also contends the PCRA court should have construed the emails Appellant sent to plea

---

[2] In its Pa.R.A.P. 1925(a) opinion, the PCRA court stated it would rely on the reasoning it set forth in its July 8, 2024, order.

counsel after the denial of his post-sentence motion as requests to pursue a direct appeal. *Id.*

"On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." ***Commonwealth v. Wharton***, 263 A.3d 561, 567 (Pa. 2021) (citation and quotation marks omitted).

Preliminarily, we presume that counsel is effective, and the appellant bears the burden of proving otherwise. ***See Commonwealth v. Bennett***, 57 A.3d 1185, 1195 (Pa. 2012). The appellant must demonstrate that: "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." ***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted). Failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. ***See Commonwealth v. Roane***, 142 A.3d 79, 88 (Pa. Super. 2016).

As we acknowledged in Appellant's prior PCRA appeal, counsel is *per se* ineffective where there is an "unjustified failure to file a requested direct appeal." ***Lantzy***, 736 A.2d at 572. However, "[t]o establish *per se* ineffectiveness, a defendant must still prove that he asked counsel to file a direct appeal." ***Commonwealth v. Markowitz***, 32 A.3d 706, 715 (Pa. Super. 2011).

Instantly, plea counsel testified that after sentencing, he told Appellant he would challenge the sentence in a post-sentence motion. N.T., 4/10/24, at 6; *see also id.* (plea counsel indicating Appellant hoped for a sentence of 10 to 20 years). Plea counsel testified,

> [w]e had discussed the difference between a post-sentence motion and appeal and that if [Appellant] wanted a change in the sentence, I could file a post-sentence motion. We discussed what that would entail, the [timeline]. Everything that's discussed in the guilty plea colloquy, we had already talked about all of that ahead of time.

*Id.*; *see also id.* at 14-16 (plea counsel stating that he had advised Appellant regarding his options following sentencing several times).

According to plea counsel, after the court denied Appellant's post-sentence motion, Appellant told plea counsel he wanted to raise an ineffectiveness claim. *Id.* at 8. Plea counsel informed Appellant that an ineffectiveness claim had to be raised in a PCRA petition, rather than a direct appeal. *Id.* at 8-9. Plea counsel testified that Appellant never asked him to file a direct appeal. *Id.* at 12; *see also id.* (plea counsel stating that Appellant only indicated he wished to raise an ineffective assistance of counsel claim).

Further, Attorney Chieppor testified that during his review of the record, he did not find any evidence that Appellant had requested a direct appeal. *Id.* at 22; *see also id.* at 22-23 (Attorney Chieppor stating he had spoken with Appellant while preparing his PCRA petition, and Appellant never indicated a desire to challenge plea counsel's failure to file a requested direct appeal).

Appellant testified that he was "upset" about the sentence he received. *Id.* at 25. Appellant stated he asked plea counsel to file a post-sentence motion to reconsider his sentence. *Id.* While Appellant testified he would have liked to file a direct appeal, his written communication to plea counsel indicated he wished to pursue an ineffective assistance of counsel claim. *Id.* at 26-27; *see also id.* at 27-28 (reviewing written communications to plea counsel, and Appellant indicated he wanted a shorter sentence). **Appellant acknowledged he never specifically asked plea counsel to file a direct appeal.** *Id.* at 29.

The PCRA court concluded Appellant "did not ask for a direct appeal despite being informed by [plea] counsel of the process…." PCRA Court Order, 7/8/24, at 3-4. The PCRA court's conclusion is supported by the record, including the testimony summarized above. Additionally, our review of the written communications between Appellant and plea counsel confirms that Appellant never requested plea counsel to file a direct appeal. *See* Commonwealth's Exhibit 1 (correspondence, 1/29/22: Appellant indicating he would like to file a motion challenging his sentence), (correspondence, 2/15/22: Appellant stating he would like a new attorney to raise an ineffective assistance of counsel claim), (correspondence, 2/24/22: Appellant stating, "[I] would like to withdraw my plea due to ineffective coun[se]l and go to trial…."). Because Appellant failed to plead and prove that he had asked plea

counsel to file a direct appeal, his ineffectiveness claim fails. ***See Markowitz***,

32 A.3d at 715.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/26/2024